METTING v. METTING et al.   (No. 8415.)

(Court of Civil Appeals of Texas.  May 22, 1924.)

1. Appeal and error ⟶907(3)—Presumption negatived by judgment not indulged in.

Where judgment in suit to partition community property denied, one defendant any share of either real or personal property unless value of land already conveyed to him was less than his share of the estate, it could not be presumed, in support thereof, in absence of statement of facts, that evidence sustained allegation that he had also received in cash more than his share of the personal property.

2. Appeal and error ⟶1171(1)—Reversal of judgment on severable issue held not to require reversal on other issue.

In suit for partition, issue whether certain land was conveyed as defendant's share of his father's land or for independent consideration was severable from issue whether he had received his interest in personal estate, and under Rule 62a, Courts of Civil Appeals, reversal on the latter issue does not require reversal on the former.

On Motion for Rehearing.  Former opinion affirmed.

For former opinion, see 261 S. W. 151.

PLEASANTS, C. J.  After full consideration of the very earnest and forcible motion for rehearing presented by counsel for appellee, we feel constrained to adhere to the conclusion expressed in our original opinion that the judgment of the trial court was erroneous in the respect stated in that opinion.

[1] It is true, as stated in the motion for rehearing, that appellee alleged in her petition that she had advanced to appellant in cash more than his portion of the personal property of the estate, and, in the absence of a statement of facts, we would ordinarily presume, in support of the judgment, that the evidence sustained this allegation. But this presumption cannot be indulged when the judgment of the court, as we interpret it, by including the appellant's interests in the personal property in the value of the land set apart to him negatives the idea of any cash advancements to him. This view of

---

⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the effect of the judgment is greatly strengthened, if not made conclusive, by the fact that as to all the other children of the appellee the judgment recites the amount of cash advances made to them.

This error in the judgment does not, however, require its reversal as a whole, and we did not intend to be so understood in our original opinion.

[2] The verdict and judgment in favor of appellee against appellant on his claim that the 150 acres of land conveyed to him on October 29, 1920, was not conveyed as his share of his father's real estate, but for an independent consideration, is clearly severable from the issue of whether he has received his interest in his father's personal estate, and a reversal of the judgment on the issue last mentioned does not require that it be also reversed upon the first issue. Rule 62a, Courts of Civil Appeals.

The judgment entered on our former opinion by inadvertence fails to limit the reversal as above indicated, and will, on our own motion, be corrected so that the reversal will only apply to that portion of the judgment disposing of the personal property of the estate, and expressly affirming that portion decreeing that the 150 acres of land should be set aside to appellant in full settlement of his interest in the lands belonging to the estate.

The only issue to be determined upon a new trial is what, if any, amount is due appellant in settlement of his interest in the personal property of the estate.